IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MICHAEL D. WILTFONG<br>  Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE<br>BOARD OF<br>ACCOUNTANCY, et al.,<br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-17-CV-0355-PRM |

## ORDER DISMISSING CAUSE

On this day, the Court considered pro se Plaintiff Michael D. Wiltfong's [hereinafter "Plaintiff"] revised "Complaint" (ECF No. 13) [hereinafter "Revised Complaint"], filed on January 16, 2018, in the above-captioned cause. For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to allege plausible facts and sufficient jurisdictional information.

## I. BACKGROUND

On November 27, 2017, Plaintiff filed a "Motion to Proceed in Forma Pauperis" (ECF No. 1). The Court denied this motion on November 29, 2017. On December 7, 2017, Plaintiff paid the civil filing fee in order to file his initial complaint. However, upon reviewing Plaintiff's first attempted complaint, the Court noted concerns and ordered Plaintiff to

file a more definite complaint. Order, Dec. 8, 2017, ECF No. 5. Specifically, the Court questioned its jurisdiction to hear the case and was concerned that Plaintiff failed to state a claim upon which relief could be granted. *Id.* Before the District Clerk issued summonses, the Court stayed this cause pending the filing of a more definite complaint.[1]

Thereafter, instead of bolstering his initial complaint, Plaintiff attempted to file a sealed "Answer" that provided further details regarding his claims. Mot. for Leave, Dec. 18, 2017, ECF No. 10. The Court denied that motion and again ordered Plaintiff to file an amended complaint. Order, Jan. 4, 2018, ECF No. 11. In that Order, the Court included guidance to Plaintiff regarding stating a claim in federal court, pleading with specificity, and alleging a plausible set of facts. *Id.* at 4–7. Further, the Court directed Plaintiff to detail specifically how each one of the 127 defendants he named in the complaint "are responsible for each of the described harms." *Id.* at 6.

In response, on January 16, 2018, Plaintiff filed the Revised Complaint presently before the Court. The Complaint includes numerous photographs and internet screen-captures, and a spreadsheet

---

[1] The stay on the case has remained through the filing of this Order.

of the names and addresses of the roughly 120 defendants Plaintiff is attempting to sue. The thrust of the Complaint, as conveyed through a lengthy biographical narrative, is that the defendants are engaged in an unlawful cartel whose purpose is to manipulate the accounting market. Plaintiff claims the cartel has unlawfully prevented him from obtaining an accounting license, which he claims was improperly revoked by a state licensing agency. Beyond that, Plaintiff lists numerous grievances against the accounting industry including the lack of effective oversight of major accounting firms, conflicts of interest in the leadership of the industry, lack of due process in the state licensing process, and failure to enforce all of its rules and regulations in an evenhanded manner.

Regarding jurisdiction, Plaintiff asserts a federal question by alleging that the cartel has violated federal laws including the Sherman Act and the RICO Act. In addition, Plaintiff claims the cartel has deprived him of "due process," "free[dom] to contract," and "free speech," and has engaged in "discrimination" on the basis of "race and age." Compl. 33. For the reasons stated below, the Court will dismiss Plaintiff's Complaint for failure to state claim and failure to demonstrate that federal-question jurisdiction exists in this case.

## II. FAILURE TO STATE A CLAIM

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for "failure to state a claim upon which relief can be granted." In determining whether a plaintiff states a valid claim, a court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading that offers mere "'labels and conclusions' . . . will not do," especially when it simply tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (second alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

B.  Analysis

The Court will accept all well-pleaded facts in the Revised Complaint as true, and liberally construe the Revised Complaint in accordance with standard practice for pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even after doing so, the Court concludes that Plaintiff has failed to state a claim on which the Court can grant relief.

First, when asserting an antitrust claim, a plaintiff "cannot assemble some collection of defendants and then make vague, non-specific allegations against all of them as a group." *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015), as amended on reh'g in part (Oct. 29, 2015), cert. denied, 136 S. Ct. 2485 (2016). Instead, a "complaint must 'specify how these defendants [were] involved in the alleged conspiracy,' without relying on 'indeterminate assertions' against all 'defendants.'" *Id.* (citing *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 905 (6th Cir. 2009)); *see also In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (expressing a similar rule where the plaintiff's complaint was pleaded "in entirely general terms without any specification of any particular activities by any particular defendant; it

5

[was] nothing more than a list of theoretical possibilities, which one could postulate without knowing any facts whatever").

Here, despite the Court's previous direction to explain each of the 127 defendants' roles in this alleged conspiracy, Plaintiff continues to plead in general terms. The most specific allegation he makes is that many of the "members of the cartel" sit on various state regulatory boards and are employed by the "Big 4" accounting firms. Compl. 8–9. He also alleges that they engage in anticompetitive behavior "for their collective benefit and to the detriment of the public." *Id.* at 8. Beyond that, it is impossible to determine who is allegedly conspiring with whom, when they agreed to conspire, the scope of the conspiracy, or how their conduct has affected Plaintiff specifically. Thus, Plaintiff fails to state a claim stemming from damages inflicted by this alleged cartel.

Second, even accepting that the accounting entities that Plaintiff identifies did (and perhaps continue to) engage in the anticompetitive, monopolistic, and conspiratorial behavior he alleges, Plaintiff's claims still fail. The heart of Plaintiff's grievance appears to be his inability to obtain a certified public accounting license in at least three different states (Missouri, Texas, and California). The underlying implication in

the Complaint is that the cartel has harmed him by somehow facilitating the various state boards' refusal to grant him a license to practice accounting. However, the Court finds such an inference to be entirely unsupported by any factual assertions. Plaintiff provides no detail to support the inference that a massive national accounting cartel singled him out, influenced three state licensing boards' operations, and caused the improper revocation and/or denial of his CPA license in a deliberate attempt to exclude him from the market. Thus, he has failed to state a plausible claim for relief regarding how the alleged cartel's conduct affected his ability to obtain an accounting license.

Finally, Plaintiff claims the cartel acted to abridge his freedom of speech and freedom to contract, deprived him of due process,[2] and discriminated against him based on race and age. Compl. 33. These claims fail because they are simply too broad and ambiguous to state a claim on which the Court can grant relief. Plaintiff makes numerous

---

[2] Only individuals acting under color of state authority are liable for constitutional deprivations. *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460 (5th Cir. 2003). With the exception of three state licensing boards, all of the defendants are private entities that cannot generally be sued for constitutional deprivations. However, the Court will construe Plaintiff's Revised Complaint liberally and assume he is directing the constitutional claims solely at the state-run entities.

sweeping allegations against the state accounting boards, including that the boards have: "forced" him to "delete his LinkedIn and Facebook account," limited his right to "access business mail," demanded he "sign a statement of false facts," "refused to provide public information" to him, threatened to "imprison and fine him," ignored his "requests for due process," revoked his license "without due process," and prohibited him from "using his resume to secure employment." Compl. 5–6. While Plaintiff may have legitimate grievances against the state boards,[3] pleading a federal cause of action against them requires greater precision and specificity. Specifically, Plaintiff's claims must suffice to give the defendants fair notice of what the claims are against them and the grounds on which the claims rest. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Revised Complaint does not give such notice

---

[3] The Court notes that buried within the factual allegations in the Complaint is a potential constitutional claim against the Missouri State Board of Accountancy for depriving Plaintiff of his professional license without due process of law. "The due process clause requires that any deprivation of life, liberty or property 'be preceded by notice and an opportunity for hearing appropriate to the nature of the case.'" *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir. 1988) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). It is unclear here whether Plaintiff received proper notice and a hearing, as he was apparently caught by surprise upon discovering that his license was revoked. Compl. 5. Plaintiff has simply not pleaded sufficient facts to state such a claim here.

because a reasonable defendant could not determine which facts correspond to which claims, which state boards are responsible for what conduct, or the nature or circumstances surrounding each claim. Thus, Plaintiff fails to state a claim.

## III. FAILURE TO ALLEGE SUBJECT-MATTER JURISDICTION

Because of Plaintiff's failure to state a federal claim, the Court must further find that it lacks subject-matter jurisdiction over this case. "Federal courts are courts of limited jurisdiction. This Court has a duty to examine its subject matter jurisdiction, and must do so sua sponte when necessary." *James v. Martinez*, No. SA-17-CV-680-XR, 2017 WL 5588191, at *2 (W.D. Tex. Nov. 17, 2017) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)). Because Plaintiff only bases his Complaint on federal-question jurisdiction, the Court must analyze whether there is a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001).

Dismissal for lack of federal-question jurisdiction is appropriate

where a plaintiff's federal claims are "wholly insubstantial or frivolous." *Miller v. Stanmore*, 636 F.2d 986, 989 (5th Cir. 1981). Such claims must either be "obviously without merit" or "clearly foreclosed by previous decisions." *Id.* Here, the Court concludes Plaintiff's antitrust, RICO, unlawful discrimination, and constitutional causes of action are meritless for the same reasons it concludes Plaintiff fails to state a claim. Plaintiff accuses 127 defendants, most of which are private entities, of depriving him of broad constitutional rights such as the freedom of speech, freedom to contract, and due process. He further accuses them of conspiring to deny him the ability to obtain an accounting license in multiple states. However, Plaintiff fails to include any facts about how or why this massive conspiratorial enterprise caused his inability to obtain a license or deprived him of constitutional rights. Further, Plaintiff does not plead his constitutional claims with sufficient precision or clarity. Thus, the Court concludes that Plaintiff's allegations, as currently stated in the Complaint, fail to constitute any federal causes of action. Thus, federal question jurisdiction does not lie.

## IV. CONCLUSION

The Court concludes that Plaintiff has failed to allege adequate

facts to support a claim for which the Court can grant relief. Further, the Court concludes that Plaintiff has failed to carry his burden of establishing that the Court retains subject-matter jurisdiction over this claim.

Accordingly, **IT IS ORDERED** that Plaintiff Michael D. Wiltfong's "Complaint" (ECF No. 13) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all settings in this matter are **VACATED**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**FINALLY, IT IS ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this __16__ day of **February, 2018**.

_____
PHILIP MARTINEZ
UNITED STATES DISTRICT JUDGE